**Raul CORREA–LAGUNAS, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 04–72902.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 24, 2008.

Brian P. Conry, Esq., Brian Patrick Conry, P.C., Portland, OR, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

On Petition for Review of an Order of the Board of Immigration Appeals. Agency No. A29–668–926.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Raul Correa–Lagunas, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order upholding an immigration judge's ("IJ") order denying Correa–Laguna's application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the agency's continuous physical presence determination for substantial evidence. *See Ibarra–Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir.2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Correa–Laguna did not meet the continuous physical presence requirement where the record contains a signed Voluntary Departure Notice issued in 1993, provided in English and Spanish. *See Vasquez–Lopez v. Ashcroft*, 343 F.3d 961, 974 (9th Cir.2003) (per curiam) (holding that an alien who commits to departure in order to avoid deportation proceedings is not entitled to continue accruing presence).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Correa–Lagunas contends the IJ violated due process by not allowing him to provide evidence about his 1993–1994 voluntary return. Contrary to Correa–Lagunas' contention, the proceedings were not "so fundamentally unfair that he was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, Correa–Lagunas failed to demonstrate that additional testimony would have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge).

We grant Correa–Lagunas' motion to supplement the record and instruct the clerk to file the documents received on June 23, 2005.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.